IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| **BRANDON JAMES** | § | |
|---|---|---|
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. _____** |
| | § | |
| **T-MOBILE USA, INC.** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Brandon James, Plaintiff (hereinafter referred to as "Plaintiff" or "James" by and through his attorney of record DaSean A. Jones, with this Original Complaint against T-MOBILE USA Inc. (hereinafter referred to as "Defendant") or ("T-MOBILE"). In doing so, Mr. James presents the following:

## NATURE OF ACTION

1. This is a civil action brought to remedy discrimination on the basis of race in the terms, conditions and privileges of employment, including the right to be equally protected under the law and other rights and liberties and for refusing or neglecting to prevent illegal deprivation and denial of equal rights as will be more fully specified below.

## JURISDICTION & VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C §§ 1331 (federal question) and 1343 (civil rights).

3. Venue in this Court is appropriate pursuant to 42 U. S. C. §2000E-5 (f) (3) because the alleged unlawful employment practice was committed in this district. Plaintiff was an employee of T-Mobile located in Mission Texas, where the employment

practices involved in this dispute occurred, thus venue is proper in the Southern District of Texas.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Mr. James has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this Court.  Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) on or about January 2014.  In his original charge, Plaintiff alleged racial discrimination.  On or about May 2014, Plaintiff filed an amended EEOC Charge alleging discrimination as a result of retaliation in response to the January 2014 filing.  On November 25, 2015, the EEOC issued to Plaintiff a notice of right to sue on his first charge of discrimination and Plaintiff files this complaint within 90 days after receiving said notice.  A copy of the notice of the right to sue is attached hereto as Exhibit "A". Accordingly, Plaintiff now files this complaint with the Southern District of Texas.

## PARTIES

5.      Plaintiff is Brandon James, who is a citizen of the United States of America and who, at all times material hereto, worked for T-Mobile in Mission, Texas.  Plaintiff is African American.

6.      Defendant T-MOBILE USA, Inc. is a Delaware for-profit corporation engaged or previously engaged in business in Mission, Texas and may be served privately by agreement between the parties, or on its registered agent for process service through Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3334.

## FACTUAL BACKGROUND

7.      Plaintiff is an African-American male who worked as a Technical Care Specialist for Defendant.  Plaintiff was the only African American male in his training class.  He was supervised by Samantha Marques and paid at a rate of $14.45 per hour, which was less than the amount paid to similarly situated employees with different racial backgrounds. During his employment with T-MOBILE USA, Inc. Plaintiff became the target of discrimination, harassment, and eventually retaliation.  Plaintiff performed at or around the level of most Technical Care Specialists at his location.  When Plaintiff was harassed, it came from various personnel including (1) Shawna Garcia, (2) Victor Ramirez, (3) Edmund Gutierrez, and others.

8.      Defendant is a well-known telecommunication provider that employed Plaintiff at its Mission, Texas location

9.      Plaintiff was subjected to mistreatment that included (1) being called a "nigger"; (2) having his overtime privileges removed, and other treatment not experience by his Mexican American counterparts.  On or about November 2013, Plaintiff was placed on a 90-day probation and forced to forfeit his November 2013 bonus. The Performance Action Plan submitted on November 25, 2013 required several disciplinary actions from management. The only disciplinary action carried out was withholding the November 2013 bonus Plaintiff earned.

10.     On another occasion, minutes after contacting Human Resources in order to report harassment, employees threw paper and other items at Plaintiff.

11.     In December 2013, the Vice-President of Human Resources, Jim Black, responded to Plaintiff's complaint of unequal pay between Mexican American and

himself, an African American male. No action was taken to rectify the situation.

12. In April 2014, Plaintiff was threatened with termination. However, Site Director, Eric Baugh rescinded a "Final Warning" because of its many inaccuracies and misconduct of the: (1) Human Resources manager, Isabel Torres; (2) Manager, Gilbert Gonzalez, and (3) Coach Samantha Marquez.

13. On or about June 25, 2014, Plaintiff was terminated, but provided little information to substantiate his discharge from Defendant's employment.

14. After growing tired of the mistreatment by T-MOBILE USA, Inc., Plaintiff filed a charge of discrimination with the EEOC on or about January 16, 2014. As a result, Plaintiff's previous December 2013 metrics were systemically altered.

15. Plaintiff now brings his claims before this Honorable Court.

## CAUSES OF ACTION

### COUNT ONE – DISCRIMINATION UNDER 42 U.S.C. § 1981 BY T-MOBILE

16. Plaintiff belongs to a racial minority. As an employee of the T-MOBILE he had right to the benefits of his employment with T-MOBILE.

17. Plaintiff asserts that the Defendant purposefully interfered with his rights in violation of 42 U.S.C. § 1981 by the terminating him from his Employment and depriving him of his benefits. Plaintiff further asserts that Defendant purposefully interfered with his rights because of his race and because he reported discrimination in the workplace.

18. Plaintiff asserts that the intentional discrimination committed by the Defendant interfered with his rights in violation of 42 U.S.C. § 1981. Plaintiff asserts both an independent cause of action pursuant to 42 U.S.C. § 1981(c) and the case law supporting

4

such a claim. Additionally and alternatively he seeks redress for these violations pursuant to the remedies provided under the law.

## COUNT TWO -- DISCRIMINATION UNDER TITLE VII BY T-MOBILE

19. Plaintiff incorporates by reference all the factual allegations contained in this complaint. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff is African-American. Defendant is an employer within the meaning of Title VII.

20. In January 2014, Plaintiff filed a claim of discrimination with the EEOC, alleging that he had repeatedly been discriminated against in his position as the Technical Care Specialist by various employees of T-MOBILE. In June 2014, Plaintiff was terminated from his employment by the Defendant. No specific reason was offered for his termination. Plaintiff was never given the opportunity to have his performance evaluated behind closed doors. Plaintiff was treated differently because of his race. This outrageous behavior was further harassment and retaliation due to Plaintiff's race and/or his filing of an EEOC complaint against the Defendant. Adding insult to injury, Defendant terminated Plaintiff. This calculated and malicious action on the part of the Defendant was done in an attempt to further harass and retaliate against Plaintiff because of his race and/or his filing of an EEOC claim against the City.

21. Defendant knew full well that Plaintiff's termination would hinder his ability to find comparable work in the world of technology. At no time was Plaintiff given verbal or written notice of the reasons for his termination or why he was terminated. Again, Plaintiff has never been given an opportunity to contest his termination. The termination was further harassment and retaliation against Plaintiff because of his race and/or because

of his filing of an EEOC complaint against the T-MOBILE USA, Inc. Plaintiff was qualified for the position, but Plaintiff was replaced as with someone outside his protected group. Additionally and alternatively, Plaintiff was participating in a protected activity when he reported employment discrimination to the EEOC in January 2014. The Defendant was made aware of his claims of discrimination by notice from the EEOC shortly after his charge was made. Thereafter, on June 25, 2015, Defendant terminated his employment. Plaintiff asserts that he was terminated for having filed a charge of discrimination with the EEOC based upon racial discrimination.

22. As a result of these discriminatory acts by his employer, Plaintiff seeks all damages that he is entitled to under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1981, 42 U.S.C. § 2000e-17.

## RELIEF REQUESTED

23. The preceding factual statements and allegations are incorporated by reference. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

    a) Actual damages, which Plaintiff has suffered as a result of Defendant actions and omissions;

    b) Plaintiff was discharged from employment with Defendant and has lost his income and benefits from June 25, 2014 to present. These damages are continuing in nature;

    c) The nature of Defendant's unlawful discharge of the Plaintiff has made it impossible for Plaintiff to find other comparable employment;

    d) Plaintiff has suffered loss of his ability to contribute to his retirement;

    e) Plaintiff suffered mental anguish and emotional distress as a result of Defendant's unlawful and discriminatory conduct; and

    f) All damages sustained by Plaintiff were reasonably foreseeable by Defendant,

and were caused by Defendant.

## PUNITIVE DAMAGES

24. The wrongful actions and/or inaction of Defendants were committed intentionally, willfully, with malice and/or with reckless disregard for Plaintiff's rights and interests. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant, both as punishment and to discourage such wrongful conduct in the future.

## EQUITABLE RELIEF

Plaintiff requests that upon a jury verdict in his favor that equitable relief be granted as follows:

(1) Review and update recruiting policies, to require accurate consideration of all of an applicant's education and work experience, which is used for hiring and calculating base pay;

(2) Review and update the T-Metric system used to track employee performance, to ensure there is no discrepancy between corporate and local performance results;

(3) Require all Management at T-MOBILE'S Mission, Texas Call Center to attend anti-Discrimination and anti-Retaliation Training

## ATTORNEY FEES

25. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and 42 U.S.C. §1981.

## JURY DEMAND

26. Plaintiff respectfully demands trial by jury and has tendered the appropriate fee for it.

## PRAYER

27. **WHEREFORE**, Plaintiff respectfully requests Defendant be cited to appear and answer herein, and that upon final trial hereof, the Court award the following against

7

Defendant:

    a. All actual damages due to him under the law, including but not limited to back pay, front pay and compensation for past, present and future lost benefits;

    b. Damages for mental anguish;

    c. Punitive damages;

    d. Compensatory damages;

    e. Reasonable attorney fees;

    f. Costs of suit; and

    g. All other relief the court deems appropriate.

Respectfully submitted,

**JONES & ASSOCIATES, PLLC**
723 Main Street, Suite 902
Houston, Texas 77002
Tel: 832.529.2220
Fax: 832.529.2233

_____
**DASEAN A. JONES**
State Bar No. 24078750
S.D. Texas No. 1503177
djones@texasjoneslaw.com

**OF COUNSEL**:
Don T. Nguyen
State Bar No. 24092897
Jones & Associates, PLLC
723 Main Street, Suite 902
Houston, Texas 77002
ATTORNEYS FOR PLAINTIFF
**BRANDON JAMES**

8

EEOC Form 161 (1/08)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Brandon A. James
2501 Tanglewilde, Apt 125
Houston, Texas 77063

From: San Antonio Field Office
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2014-00715 (Amended) | E. Thomas Price, EEOC Federal Investigator | (210) 281-7674 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____    11/25/14
Travis G. Hicks, Director         (Date Mailed)

Enclosures(s)

cc:  Christy Gibson
     Consultant, Workplace Relations
     Legal Department
     T-Mobile USA, Inc.
     12920 SE 38th Street
     Bellevue, Washington 98006

EXHIBIT A